[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 220.]

CLEVELAND BAR ASSOCIATION *v*. JOHNSON.

[Cite as *Cleveland Bar Assn. v. Johnson*, 2002-Ohio-642.]

*Attorneys at law—Misconduct—Indefinite suspension—Neglect of an entrusted legal matter—Prejudicing or damaging client during course of professional relationship—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Neglecting or refusing to assist or testify in a disciplinary investigation or hearing.*

(No. 01-1579—Submitted October 16, 2001—Decided January 30, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-62.

_____

*Per Curiam*.

{¶ 1} On August 14, 2000, relator, Cleveland Bar Association, filed a complaint charging respondent, Thomas L. Johnson of Cleveland, Ohio, Attorney Registration No. 0025389, with neglect of client matters. Respondent failed to answer, and the Board of Commissioners on Grievances and Discipline ("board") referred relator's amended motion for default to Master Commissioner Harry W. White for ruling.

{¶ 2} Based upon the allegations of the complaint and the evidence attached to the motion, the master commissioner found that DeCalvin Lynch hired respondent in 1994 to pursue a medical malpractice claim. Although respondent filed the complaint in January 1996, after having obtained an extension of the statute of limitations, he did not respond to the defendants' discovery requests or their motion to compel. Thereafter, respondent did not appear at a case management conference. After the Cuyahoga County Common Pleas Court granted the motion to compel, respondent did not comply. Nor did he appear at a pretrial

scheduled by the court. He did attend a rescheduled pretrial but did not provide an expert's report by the date set by the court. When the defendants filed motions for summary judgment, respondent voluntarily dismissed the case without the consent of Lynch and did not inform Lynch of the dismissal until nearly a year and a half later.

{¶ 3} The master commissioner concluded that respondent's neglect of the Lynch case violated DR 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 7-101(A)(3) (a lawyer shall not prejudice or damage his client in the course of the professional relationship), and 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). The master commissioner also noted that respondent did not file an answer to relator's complaint, after having been given additional time to do so, and concluded that respondent also violated Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in an investigation or hearing). The master commissioner recommended that respondent be indefinitely suspended from the practice of law in Ohio.

{¶ 4} The board adopted the findings, conclusions, and recommendation of the master commissioner that respondent be indefinitely suspended from the practice of law in Ohio.

{¶ 5} Upon review of the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Frank R. Osborne* and *Nicholas M. Miller,* for relator.

_____

2